# SUPREME COURT,
## STATE OF KANSAS.

## JANUARY TERM, 1901.

### PRESENT:

Hon. FRANK DOSTER, Chief Justice.
Hon. WILLIAM A. JOHNSTON,
Hon. WILLIAM R. SMITH,
Hon. EDWIN W. CUNNINGHAM, } Justices.
Hon. ADRIAN L. GREENE,
Hon. ABRAM H. ELLIS,
Hon. JOHN C. POLLOCK,

---

## S. Robinet *et al.* v. School District No. **83.**
### No. 12,132. (64 Pac. 970.)

#### SYLLABUS BY THE COURT.

Schools and School Districts — *Power of County Superintendent.* A county superintendent of public instruction, in determining the proportion of the present value of a schoolhouse or other property justly due a new school district formed out of territory taken from another district, acts in a judicial, or *quasi-*judicial, capacity. After an award has been made by him and the amount thereof paid by the old district, his power is exhausted, and an allowance increasing the original award, made fifteen months after the first determination, is void.

Error from Harper district court; G. W. McKay, judge. Opinion filed May 11, 1901. Division one. Reversed.

*Huston & McColloch*, for plaintiff in error.

*W. S. Cade*, for defendant in error.

1—63 KAN.

The opinion of the court was delivered by

SMITH, J. : On the 6th day of April, 1889, school district No. 52, in Harper county, included within its boundaries twenty-two sections of land. On that date the county superintendent of public instruction formed a new district within the territorial limits of the first, consisting of six sections of land, and designated it as district No. 83. On July 20, 1889, the superintendent proceeded to make a division of the school property, and made a finding that the new district was entitled to the sum of $113.85. The record made by the superintendent reads: ''On the 20th day of July, 1889, made division of school property of district 52 belonging to 83, it being one hundred and thirteen ($113.85) dollars and eighty-five cents.'' No appeal was taken from this apportionment or award, and the amount was paid to district No. 83 out of the levy made on the taxable property of district No. 52. Later, and on October 18, 1890, the superintendent took further action in the matter, which her record explains, as follows :

''Went to Corwin upon application of district 83 for a more equitable division of the property at this time belonging to district 52, and the matter was this day adjusted as follows : By allowing district 83 a further sum of two hundred and thirty-four ($234.64) dollars and sixty-four cents ; amount previously allowed, one hundred and thirteen ($113.85) dollars and eighty-five cents ; total, three hundred and forty-eight ($348.59) dollars and fifty-nine cents.''

The defendant in error refused to pay the sum last awarded, and proceedings in mandamus were begun against its officers to compel the levy of a tax sufficient to pay the amount. A peremptory writ was awarded

in the court below, which judgment it seeks to have reversed.

Section 6120 of the General Statutes of 1901 provides that "when a new district is formed in whole or in part from one or more districts possessing a schoolhouse, or entitled to other property, the county superintendent at the time of forming such new district shall equitably determine the proportion of the present value of such schoolhouse, or other property, justly due to said new district." The proportion, when ascertained, shall be paid by levy on the property of the district retaining the schoolhouse or other property.

The question to be determined is whether, when the first award was made and the amount thereof paid by district No. 52 to district No. 83, the matter could be reopened and a further additional sum allowed to district No. 83 more than a year after the first action was taken by the superintendent. It must be answered in the negative. The action of the superintendent in making the first allowance to district No. 83 was *quasi* judicial. An appeal might have been taken from her decision under section 6121 of the General Statutes of 1901. (*School District v. The State*, 15 Kan. 43.)

In the case of *The People v. Supervisors of Schenectady*, 35 Barb. 408, it was held that a board of supervisors (corresponding in authority to a board of county commissioners in this state) had both judicial and ministerial functions, and that after it had made an apportionment of taxes to be raised among several towns and wards in a county it had executed a judicial act which was in effect a judgment, and that after having passed a resolution apportioning the taxes, which had been entered of record by its clerk, it could not by any resolution again apportion and equalize the assessments on a new and different basis,

and the second apportionment was held to be a nullity. See, also, Black on Judgments, from which we quote :

"In a case in New Jersey, where justices of the peace and surveyors of highways made a determination in writing, relating to encroachments on a road by adjoining landowners, which determination was partially acted upon, and boundary lines fixed, and afterwards an entirely different determination, as to the place and encroachments on the same road, was made by the same officers, without the first determination being set aside or reversed, it was held that the action of this body was a judicial one, and the first determination was a bar to the second and rendered it invalid." (Vol. 2, § 522.)

If the superintendent of public instruction, her first award having been paid, could, after the lapse of more than one year, supplement the same by increasing the amount of the allowance made to the defendant in error, she might again and again increase the award. After the action taken by the superintendent on July 20, 1889, the power of that officer in the matter of the division of school property was exhausted, and the subsequent award was a nullity.

The judgment of the court below will be reversed, with directions to proceed further in accordance with this opinion.

DOSTER, C. J., ELLIS, POLLOCK, JJ., concurring.